IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL E. LEWIS,**

    **Petitioner,**

    v.                                     **Case No. 2:05-cv-239**
                                           **JUDGE SMITH**
                                           **Magistrate Judge KING**

**STATE OF OHIO,**

    **Respondent.**

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, and the exhibits of the parties.

For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**I. PROCEDURAL HISTORY**

Petitioner was indicted with six co-defendants in a thirty-six count indictment by the July 2001 term of the Madison County grand jury on one count of engaging in a pattern of corrupt activity, in violation of O.R.C. §2923.32, nine counts of receiving stolen property, in violation of O.R.C. §2913.51, and two counts of illegal use of food stamps, in violation of O.R.C. §2913.46(B). Exhibit 1 to Return of Writ. While represented by counsel, petitioner proceeded to jury trial. On October 31, 2001, he was found guilty of engaging in a pattern of corrupt activity, seven counts of receiving stolen property, and one count of illegal use of food stamps. Exhibit 2 to Return of Writ. On November 30, 2001, petitioner was sentenced to an aggregate term of twelve years incarceration.

Represented by new counsel, petitioner filed a timely appeal of his convictions to the Twelfth District Court of Appeals. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). On August 26, 2003, his appeal was dismissed. Exhibit 14 to Return of Writ. Petitioner never filed an appeal of the appellate court's decision to the Ohio Supreme Court; however, on November 20, 2003, he filed a *pro se* application for reopening the appeal pursuant to Ohio Appellate Rule 26(B), asserting that he had been denied the effective assistance of appellate counsel because his attorney failed to consult with him and failed to raise on appeal "issues of venue, weight of evidence, failure to provide discovery and suppression of evidence." Exhibit 15 to Return of Writ. On February 17, 2004, the appellate court denied petitioner's application for reopening the appeal. Exhibit 16 to Return of Writ. Petitioner filed a timely appeal of the appellate court's decision to the Ohio Supreme Court, raising the following propositions of law:

> 1. Do citizens of Ohio actually have their right to redress under Article 8 §7 of the Ohio Constitution?
>
> 2. Ha[s] the federal constitution been for all effectiveness outlawed by Ohio courts, specifically the First Amendment right to redress and the Sixth Amendment right to a fair trial guaranteed by the Fourteenth Amendment?

Exhibit 18 to Return of Writ. On May 26, 2004, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. Exhibit 19 to Return of Writ.

On March 16, 2005, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denied Sixth Amendment right to fair trial by assistance of [trial] counsel.

2

>State only had evidence of one count of receiving stolen property. Counsel did not challenge the State to prove case.
>
>2. Appellate counsel filed *Anders* brief improperly denying due process.
>
>This case was highly publicized. No actual evidence to charge this defendant.

It is the position of the respondent that claim one is procedurally defaulted and that claim two is without merit.

## II. PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to

comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. Id. This "cause and prejudice" analysis also applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that he was denied the effective assistance of trial counsel. The facts underlying this claim are readily apparent from the face of the record, and should have been raised on direct appeal. Further, petitioner may now no longer raise such claim under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rules due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied.

The Court must next decide whether the procedural rules at issue constitutes adequate and independent bases upon which to foreclose review of petitioner's federal constitutional claim. This task requires the Court to balance the state's interests behind the procedural rules against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring this Court's consideration of claim one constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy

alleged constitutional defects. The requirement that all available claims be asserted at the first opportunity serves the state's interests in finality and in ensuring that claims are adjudicated a the earliest possible opportunity. Finally, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

The Court concludes that petitioner has waived his right to present claim one for federal habeas review. Petitioner can still secure review of the merits of claim one if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violation that he alleges. Petitioner asserts the ineffective assistance of appellate counsel as cause for his procedural default. The ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000), citing *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Petitioner did not raise in his 26(B) application any claim of ineffective assistance of appellate counsel due to his attorney's failure to raise on appeal an issue of ineffective assistance of trial counsel. Thus, the ineffective assistance of appellate counsel cannot constitute cause for petitioner's procedural default of claim one. *See id.* Petitioner has failed to demonstrate either cause for his procedural default of claim one, or actual prejudice resulting from the constitutional violation.

Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. at 491; *see also Sawyer v. Whitley*, 505 U.S. 333. After review of the record, the Court does not deem this to be such a case.

### III.  CLAIM TWO

In claim two, petitioner asserts that he was denied due process because his appellate attorney filed a brief pursuant to *Anders v. California*, *supra,* 386 U.S. at 738.  In support of this claim, petitioner has attached, *inter alia*, a letter from his trial attorney, Fred L. Scurry, who filed petitioner's notice of appeal, in which Scurry states that sentencing, "venue, weight of evidence, failure to provide all discovery, suppression of evidence and other issues" would be issues for appeal.  *Exhibits to Traverse.*  Petitioner asserts that, because his attorney filed an *Anders* brief, he was "completely without representation" and without counsel on appeal.  *Traverse*, at 6.  This claim is without merit.

In *Anders v. California, supra*, 386 U.S. at 744, the United States Supreme Court held:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court--not counsel--then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id*.  The record reflects that petitioner's attorney and the state appellate court in this case followed the procedure outlined in *Anders*.  *See* Exhibits 13 and 14 to Return of Writ.  Contrary to petitioner's allegation, he was not thereby deprived of the right to counsel on appeal.

> [A]lthough... indigents generally have a right to counsel on a first appeal as of right, it is equally true that this right does not include the

> right to bring a frivolous appeal and, concomitantly, does not include the right to counsel for bringing a frivolous appeal.... To put the point differently, an indigent defendant who has his appeal dismissed because it is frivolous has not been deprived of "a fair opportunity" to bring his appeal, *Evitts, supra,* at 405, 105 S.Ct. 830*; see Finley,* 481 U.S., at 556, 107 S.Ct. 1990, for fairness does not require either counsel or a full appeal once it is properly determined that an appeal is frivolous.

*Smith v. Robbins,* 528 U.S. 259, 278 (2000)(footnote and citations omitted). Further, the state appellate court denied petitioner application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), reasoning as follows:

> On direct appeal, appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738... in which he indicated he could find no errors by the trial court upon which an assignment of error could be predicated while submitting three potential assignments of error for review. FN1
>
> FN1: The potential assignments of error claimed appellant's maximum sentences, consecutive sentences, and the imposition of court costs were contrary to law.
>
> This court reviewed the entire record on appeal, considered the potential assignments of error submitted by counsel, and, upon finding no error prejudicial to the rights or appellant in the proceedings below, dismissed the appeal. *State v. Lewis*, Madison CA2001-12-030, 2003-Ohio-4464.
>
> Appellant now claims he was denied the effective assistance of appellate counsel as the result of appellate counsel's failure to consult with appellant and present assignments of error arguing issues of venue, weight of the evidence, and the failure to provide discovery and suppress evidence. Appellant submits that, had they been raised on direct appeal, these issues would have "changed the outcome of [appellant's] sentence." Appellant also makes the accusation that counsel has "misinformed this Court and misled it."

> \*\*\*
>
> Our review of the record disclosed no foundation for these potential errors or any other "error.... We fully examined the record in appellant's case on direct appeal and determined that counsel was correct in arguing that the appeal was wholly frivolous.... Having already determined the complete absence of any merit to appellant's direct appeal, we cannot now say that appellate counsel was ineffective for not presenting the additional assignments of error appellant suggests should have been raised on direct appeal.

Exhibit 16 to Return of Writ. The factual findings of the state court are entitled to a presumption of correctness pursuant to 28 U.S.C. §2254(e):

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, the decision of the Ohio Court of Appeals is binding on this Court unless it is contrary to clearly established federal law or was based on an unreasonable determination of the facts of record:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Petitioner has failed to meet this standard here.

Petitioner provides no specificity regarding any of the issues he contends should have been raised on direct appeal, but were not. Petitioner fails to indicate in what manner the prosecutor violated discovery rules, nor is any such violation apparent from the record. Similarly, it does not appear that petitioner's convictions were against the weight of the evidence, or that any evidence should have been suppressed but was not. It does not appear from the record before this Court that the trial court ever considered petitioner's motion to suppress evidence. Any issue regarding the improper admission of evidence therefore would have been waived for purposes of appeal, in any event. *See State v. F.O.E. Aerie 2295, Port Clinton*, 38 Ohio St.3d 53, 55-56 (1998); Ohio Criminal Rule 12(C)(3), (H). As to petitioner's allegation that his attorney should have raised on appeal an issue regarding the trial court's failure to grant a change of venue, this claim is also without merit.

> Crim.R. 18(B) does not require a change of venue merely because of extensive pretrial publicity. *State v. Landrum* (1990), 53 Ohio St.3d 107, 116-117, 559 N.E.2d 710, 722- 723. Any decision on a change of venue rests in the sound discretion of the trial court. *Id.* at 116, 559 N.E.2d at 722. " '[A] careful and searching *voir dire* provides the best test of whether prejudicial pretrial publicity has prevented obtaining a fair and impartial jury from the locality.' " *Id.* at 117, 559 N.E.2d at 722, quoting *State v. Bayless* (1976), 48 Ohio St.2d 73, 98, 2 O.O.3d

9

> 249, 262, 357 N.E.2d 1035, 1051, *vacated on other grounds* (1978), 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155. A defendant claiming that pretrial publicity has denied him a fair trial must show that one or more jurors were actually biased. *Mayola v. Alabama* (C.A.5, 1980), 623 F.2d 992, 996. Only in rare cases may prejudice be presumed. *Id.* at 997; *see, also*, *Nebraska Press Assn. v. Stuart* (1976), 427 U.S. 539, 554-555, 96 S.Ct. 2791, 2800-2801, 49 L.Ed.2d 683, 694-695.

*State v. Treesh*, 90 Ohio St.3d 460, 463-64 (2001). The record fails to demonstrate that such were the circumstances here. Petitioner, therefore, cannot demonstrate the ineffective assistance of counsel under *Strickland*.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* e a determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


<u>November 3, 2005</u>                                                                    <u>     *s/Norah McCann King*     </u>
                                                                                                            Norah McCann King
                                                                                                   United States Magistrate Judge

11